# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

CANDACE LEE TANNER,
Plaintiff,

v.

CHEYENNE HOUSING AUTHORITY;
PERSHING POINTE PRESERVATION LIMITED PARTNERSHIP;
PERSHING POINTE PRESERVATION GP LLC;
SELDIN COMPANY, LLC;
MENDEE COTTON, in her individual capacity and as agent/property manager for Seldin Company, LLC and Pershing Pointe;
JANELLE BALFOUR, in her individual capacity and as agent/property manager for Seldin Company, LLC and Pershing Pointe II;
and JOHN AND JANE DOES 1–10,
Defendants.

Case No. ⸱_____
Assigned by Clerk

# [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on Plaintiff Candace Lee Tanner's **Emergency Motion for Temporary Restraining Order and Preliminary Injunction**. The Court has reviewed the Motion, Plaintiff's Declaration, the Verified Complaint, and the record presently before the Court.

For purposes of temporary emergency relief only, and without making final findings on the merits, the Court finds as follows:

1. Plaintiff has shown a likelihood of success, or at minimum serious questions going to the merits, regarding her claims that the May 8, 2026 Wyoming Twenty-Day Notice to Vacate was vague, unsupported, retaliatory, selectively enforced, and inconsistent with federal fair-housing protections, disability-accommodation obligations, affordable-housing good-cause protections, and related state-law protections.
2. Plaintiff has shown a substantial threat of irreparable harm absent temporary injunctive relief, including imminent risk of eviction proceedings, forced displacement, loss of affordable housing stability, damage to future housing opportunities, interference with Plaintiff's efforts to restore disputed housing assistance, and harm to Plaintiff and her minor child that cannot be fully remedied by money damages alone.
3. The balance of equities favors temporary relief because Plaintiff faces housing loss and displacement, while Defendants are required only to preserve the status quo and refrain from relying on the May 8, 2026 Notice during the temporary period established by this Order.
4. Temporary injunctive relief serves the public interest by preserving the status quo while the Court reviews claims involving fair housing, retaliation, disability accommodation, affordable housing protections, and lawful eviction procedures.
5. The Court finds good cause to waive the security requirement under Federal Rule of Civil Procedure 65(c), or alternatively to set security at a nominal amount, based on Plaintiff's pro se status, pending application to proceed without prepaying fees or costs, and the limited nature of the temporary relief ordered.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's request for a Temporary Restraining Order is **GRANTED**.
2. Defendants Seldin Company, LLC; Pershing Pointe Preservation Limited Partnership; Pershing Pointe Preservation GP LLC; Mendee Cotton; Janelle Balfour; and all persons acting in active concert or participation with them who receive actual notice of this Order are temporarily **RESTRAINED** from initiating, filing, prosecuting, supporting, assisting, or relying upon any eviction, forcible entry and detainer action, lease-termination action, adverse housing-reference action, adverse tenant-file action, or adverse housing-related action against Plaintiff based on the May 8, 2026 Wyoming Twenty-Day Notice to Vacate.
3. Defendants are temporarily **RESTRAINED** from using the May 8, 2026 Twenty-Day Notice to Vacate as evidence of good cause, lease default, tenant misconduct, nonrenewal justification, adverse landlord reference, housing-assistance termination support, or tenant-file justification while this Temporary Restraining Order remains in effect.

4. Defendants shall preserve all records related to Plaintiff's tenancy, lease enforcement, complaints, maintenance, access logs, key and lock records, work orders, contractor access, police communications, Animal Control communications, parking enforcement, animal complaints, comparator-unit enforcement, photographs, video footage, internal communications, tenant-file notes, and records relating to the May 8, 2026 Twenty-Day Notice to Vacate.

5. A hearing on Plaintiff's Motion for Preliminary Injunction is set for:
   Date: _____, 2026
   Time: _____
   Location: United States District Court for the District of Wyoming
   Joseph C. O'Mahoney Federal Center
   2120 Capitol Avenue
   Cheyenne, Wyoming 82001

6. The security requirement under Federal Rule of Civil Procedure 65(c) is **WAIVED**. In the alternative, security is set at the nominal amount of $1.00.

7. Plaintiff shall promptly serve a copy of this Order, the Emergency Motion, the supporting Declaration, the Verified Complaint, and all related filings on each Defendant in the manner directed by the Federal Rules of Civil Procedure and any further order of this Court.

8. This Temporary Restraining Order shall expire fourteen days from the date and time of entry unless extended for good cause under Federal Rule of Civil Procedure 65(b)(2), by consent of the parties, or by further order of the Court.

DATED this 27 day of May , 2026.

BY THE COURT:

_____

United States District Judge

_____

**Tanner v. Cheyenne Housing Authority**
Proposed Order Granting Temporary Restraining Order and Setting Preliminary Injunction Hearing
United States District Court for the District of Wyoming